IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,179-04






EX PARTE ALLEN BRIDGERS









ON MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 114-81252-97

IN THE 114TH JUDICIAL DISTRICT COURT

SMITH COUNTY




 Per Curiam. 


O R D E R



 Movant asks this Court to issue a stay of execution "pending the Supreme Court's
resolution of the merits in Baze, and this Court's resolution of the merits in Chi." See Baze
et al. v. Kentucky, U.S. , No. 07-5439, cert. granted, Sept. 25, 2007, and In re
Heliberto Chi, No. WR-61,600-03 (Tex. Crim. App. Oct. 2, 2007)(not designated for
publication)(both cases raise the issue of the constitutionality of the execution protocol).

 In April 1998, a jury found movant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set movant's punishment at death. This Court affirmed
movant's conviction and sentence on direct appeal. Bridgers v. State, No. 73,112 (Tex. Crim.
App. Oct. 25, 2000)(not designated for publication). Movant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on December 29, 1999. This
Court denied movant relief. Ex parte Bridgers, No. WR-45,179-01 (Tex Crim. App. May 31,
2000)(not designated for publication). After remanding for a hearing on a subsequent writ
application in which movant raised a claim of mental retardation, this Court again denied
movant relief. Ex parte Bridgers, No. WR-45,179-02 (Tex Crim. App. Sept. 12, 2007)(not
designated for publication). 

 In the motion currently before this Court, other than stating the fact that the execution
protocol issue is pending before the United States Supreme Court and this Court in other
cases, movant has not otherwise presented the question as it applies to him before this Court. 
We will consider a stay of execution only to preserve our jurisdiction over a specific
proceeding pending in this Court. In this case, there is no such proceeding pending. 
Furthermore, as movant himself states in his motion, he currently has a motion pending in
federal court asking permission to file a successive writ there raising the mental retardation
issue which he has already litigated in state court. These two facts lead us to conclude that his
motion to stay his execution filed in this Court, without more, should be denied.

 IT IS SO ORDERED THIS THE 15TH DAY OF OCTOBER, 2007.


Do Not Publish